| Fill in this information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | KENNETH | WILLIAM | BERGERON |
| | First Name | Middle Name | Last Name |
| Debtor 2 | CORI | LAVERNE | BERGERON |
| (Spouse, if filling) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN District of TEXAS

Case number    26-41389
(If known)

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

| Part 1: | Explain the Repayment Terms of the Reaffirmation Agreement |
|---|---|

**1. Who is the creditor?**

Ford Motor Credit Company LLC
Name of the creditor

**2. How much is the debt?**

| On the date that the bankruptcy case is filed | $45,078.38 |
|---|---|
| To be paid under the reaffirmation agreement | $45,078.38 |

subject to the terms of the reaffirmed pre-petition loan documents. Pay-off as of 03/30/2026

$1,060.32 per month for 47 months (If fixed interest rate). *See additional terms at end of cover sheet, if applicable.

**3. What Is the Annual Percentage Rate (APR) of Interest? (See Bankruptcy Code § 524(k)(3)(E).)**

| Before the bankruptcy case was filed | 5.900% | |
|---|---|---|
| Under the reaffirmation agreement | 5.900% | ☒ Fixed Rate |
| | | ☐ Adjustable Rate |

**4. Does collateral secure the debt?**

☐ No

☒ Yes.    Describe the collateral. 2024 Ford Bronco Utility 4D Outer Banks 4W VIN: 1FMDE8BH2RLA89498
Current market value $42,000.00

**5. Does the creditor assert that the debt is nondischargeable?**

☒ No

☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J

6a. Combined monthly income from line 12 of Schedule I    $ 5,632.00

6b. Monthly expenses from line 22c of Schedule J    $ 17,967.59

6c. Monthly payments on all reaffirmed debts not listed on Schedule J    $ 0.00

6d. **Scheduled net monthly income**
Subtract lines 6b and 6c from 6a.
If the total is less than 0, put the number in brackets.    $ (14,345.59)

Income and expenses stated on the reaffirmation agreement

6e. Monthly income from all sources after payroll deductions    $ 17,792.00

6f. Monthly expenses    $ 17,720.94

6g. Monthly payments on all reaffirmed debts not included in monthly expenses    $ 0.00

6h. **Present net monthly income**
Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.    $ 1.06

| Debtor 1 | KENNETH | WILLIAM | BERGERON | | Case number (if known) 26-41389 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| 7. | Are the income amounts on lines 6a and 6e different? | ☐ No  ☒ Yes. | Explain why they are different and complete line 10. Debtor 1 has secured a contract consulting position and has started receiving revenue through their LLC (Chiron Technologies LLC). |
|---|---|---|---|
| 8. | Are the expense amounts on lines 6b and 6f different? | ☐ No  ☒ Yes. | Explain why they are different and complete line 10. The Debtors have reduced discretionary expenses as necessary to meet monthly obligations. |
| 9. | Is the net monthly income in line 6h less than 0? | ☒ No  ☐ Yes. | A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10. |
| 10. | Debtor's Certification about lines 7-9 | If any answer on lines 7-9 is *Yes*, the debtor must sign here. If all the answers on lines 7-9 are *No*, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.  X _Cori L. Berg_ Signature of Debtor 1    X _____ Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. | Did an attorney represent the debtor in negotiating the reaffirmation agreement? | ☐ No  ☒ Yes. | Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?  ☐ No  ☒ Yes. |

---

**Part 2:**    **Sign Here**

| Whoever fills out this form must sign here. | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

X _____    Date __07/06/2026__
                                        MM/DD/YYYY

Shashikant Nayak
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney |

---

*Additional Terms:

This form 427 has been modified by AIS in conformance with FED. R. BANKR. P. 4008 and compliance with 11 U.S.C. § 524(c). This Form 427, as modified, is substantially similar to Official Form 427.

B2400A/B ALT (Form 2400 A/B ALT) (12/15)                                        Page 3

☐ **Presumption of Undue Hardship**

☒ **No Presumption of Undue Hardship**

(Check box as directed in Part D: Debtor's Statement in Support of
Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

In re        KENNETH WILLIAM BERGERON          Case No.    26-41389
             CORI LAVERNE BERGERON

             Debtor(s)                          Chapter     7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒  Part A: Disclosures, Instructions, and          ☒  Part D: Debtor's Statement in Support of
    Notice to Debtor (Pages 1 - 5)                     Reaffirmation Agreement

☒  Part B: Reaffirmation Agreement                 ☐  Part E: Motion for Court Approval

☒  Part C: Certification by Debtor's Attorney

### Name of Creditor: Ford Motor Credit Company LLC

☐  *[Check this box if]* Creditor is a Credit Union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:                                  $45,078.38

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a.    If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

b.    If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 5.900%.

*--- And/Or ---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2024 Ford Bronco Utility 4D Outer Banks 4W<br>VIN: 1FMDE8BH2RLA89498 | $54,851.64 |

*Optional* --- *At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

### Repayment Schedule:

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

--- *Or* ---

Your payment schedule will be: _____ (number) payments in the amount of _____ each, payable monthly on the _____ (day) of each month, unless altered later by mutual agreement in writing.

--- *Or* ---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

47 monthly payments of $1,060.32 due on April 11, 2026

**B2400A/B ALT (Form 2400 A/B ALT) (12/15)**                                                    **Page 6**

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**B2400A/B ALT (Form 2400 A/B ALT) (12/15)**                                                          **Page 7**

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

Please send any Notice of Rescission of this Reaffirmation Agreement via physical & electronic mail to the following addresses for quicker processing:

> AIS Portfolio Services, LLC
> 4515 N Santa Fe Ave
> Oklahoma City, OK 73118
> ECFNotices@aisinfo.com

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**B2400A/B ALT (Form 2400 A/B ALT) (12/15)** **Page 8**

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Automobile

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $45,078.38 | $45,078.38 |
| Annual Percentage Rate | 5.900% | 5.900% |
| Monthly Payment | $1,060.32 | $1,060.32 |

The terms stated herein are contingent upon the execution and filing of the reaffirmation agreement prior to the discharge or, if applicable, approval of the reaffirmation agreement by the court. Any loan extensions, modifications, late payments, payments to principal or other accruals of interest may alter the contractual paid in full date or final payment amount otherwise set forth in this reaffirmation agreement or the reaffirmation agreement cover sheet.

B2400A/B ALT (Form 2400 A/B ALT) (12/15)                                      Page 9

SIGNATURE(S):

Borrower:                                          Accepted by creditor:

CORI L BERGERON                                    Ford Motor Credit Company LLC
(Print Name)                                       (Printed Name of Creditor)

*(signature)*                                      AIS Portfolio Services, LLC
                                                   4515 N Santa Fe Ave
                                                   Oklahoma City, OK 73118
(Signature)                                        (Address of Creditor)

Date:  7/1/26

                                                   (Signature)

                                                   Shashikant Nayak - Claims Processor

Co-borrower, if also reaffirming these debts:      (Printed Name and Title of Individual Signing
                                                   for Creditor)

                                                   07/06/2026
Joint Debtor, if any
(Print Name)                                       Date of creditor acceptance:

(Signature)

Date:

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: CLAYTON EVERETT

Signature of Debtor's Attorney: _____

Date: 7/6/2026

B2400A/B ALT (Form 2400 A/B ALT) (12/15)                                          Page 11

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read the section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 (of the Reaffirmation Agreement) indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 (of the Reaffirmation Agreement) indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 17,722.00, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 16,660.62, leaving $ 1,061.38 to make the required payments on this reaffirmed debt until paid as per the terms of the reaffirmed pre-petition loan documents months starting on. (On the maturity date, all outstanding amounts owed under this reaffirmation agreement shall be immediately due and payable).

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____

_____

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____

CORI L BERGERON

_____
Joint Debtor, if any

Date:   7/1/26

--- Or ---

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____

CORI L BERGERON

_____
Joint Debtor, if any

Date: